[No. B134828. Second Dist., Div. Four. July 28, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH LAVELLE HALL, Defendant and Appellant.

### COUNSEL

Sandra Uribe, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Lance E. Winters and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**EPSTEIN, J.**—Appellant Kenneth Lavelle Hall appeals from judgment sentencing him to prison for five years, imposed after a jury found him

guilty of possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a) and he admitted three prior convictions, including two prior convictions within the meaning of Penal Code section 667.5, subdivision (b), and one within the meaning of the "Three Strikes" law. He contends the judgment must be reversed due to prosecutorial misconduct. For reasons explained in this opinion, we find this contention well taken. We therefore reverse the judgment and remand for retrial.

FACTUAL SUMMARY

The evidence, briefly recounted in the light most favorable to the judgment, proved that on March 3, 1999, appellant was arrested for being under the influence of drugs. A search incident to arrest revealed two small rocks containing cocaine, weighing .10 of a gram, in appellant's right front pants pocket.[1] As he was being transported to the police station, appellant said, "Officers, if you squash that rock, I'll tell you where they're selling around here."

The evidence of the facts of appellant's crime was presented through the testimony of one witness, Los Angeles Police Officer Scot Williams. The partner with whom he was working at the time of the arrest, Officer Tinsley, did not testify.

Appellant's defense was that Officer Williams was not credible. In opening statement, defense counsel stated: "I expect that Officer Williams will come and testify that he detained Mr. Hall, that he felt that he was under the influence of a controlled substance, namely, cocaine, that his partner searched Mr. Williams and recovered cocaine from his pocket. [¶] . . . [¶] I am convinced that, at the end of the trial, after you have heard all of the evidence in this case, you will find that Mr. Hall was detained for no reason, that he was not under the influence of cocaine, and that he was arrested for no reason and searched for no reason, and that the only thing that Mr. Hall is guilty of in this case is having a bad attitude with L.A.P.D. officers. And that's not a crime."

During closing argument, defense counsel put the issue to the jury as follows: "We are in no way disputing that the item that the chemist . . .

---

[1]A photograph of the cocaine was admitted into evidence. The photo also included "a clear plastic ziplock baggy containing three small hand-rolled cigarettes resembling marijuana cigarettes." Officer Williams testified, without objection, that he and his partner instructed the chemist to test for "both cocaine and for marijuana." The chemist's report, admitted into evidence, stated that the cigarettes contained marijuana. Appellant was not charged with possession of marijuana.

analyzed was in fact cocaine. That's not in dispute. I'm sure whatever item she retrieved from the evidence locker that was booked by Officer Williams was in fact cocaine. The issue is where did that item come from? We are also not disputing that at some point Mr. Hall exited out of the Danmar Hotel. But everything that happened after that, . . . is definitely in dispute." In the course of the argument defense counsel asked: "Where is the other witness? Corroboration is proof beyond a reasonable doubt. When you don't have corroboration and you have the testimony of an officer such as Officer Williams, who has already been deemed to be unreliable and untrustworthy based on his testimony, then you cannot be left with an abiding conviction. [¶] . . . [¶] If [the prosecutor] didn't call Officer Tinsley, it must be because Officer Tinsley doesn't help his case. Officer Tinsley doesn't corroborate what Officer Williams is saying. So the fact he made a conscious decision not to call him should mean something to each of you." Later in her argument defense counsel reiterated: "It's insulting to present you with the weakest case possible when in fact he possibly had other evidence. Where is Officer Tinsley? Does he corroborate, or does he contradict?"

In rebuttal, the prosecutor responded: "If Officer Tinsley had some kind of fantastic light to shed on this case to exonerate this defendant, you know that this attorney would have called Officer Tinsley." Defense counsel objected on the grounds that appellant had no burden of proof. The court overruled the objection on the grounds that defense counsel "opened the door," but affirmed the statement that the defense had no burden. The prosecutor continued his argument, stating: "Counsel got up here and said where is Officer Tinsley, perhaps suggesting that we are hiding Officer Tinsley because he's going to reveal something some kind of incredible evidence to exonerate her client. And that's just not the case. You could have heard repetitive testimony from Officer Tinsley, basically telling you the same thing, that he was there and recovered the rock, and Williams was there and present for it. And if there was anything to his testimony, you would have heard from the defense." Defense counsel objected on the ground that the prosecutor was arguing facts not in evidence. The court overruled the objection, explaining: "He's giving his opinion. . . . He is merely responding."

## DISCUSSION

■ Appellant contends the prosecutor was guilty of misconduct in closing argument because he "invited the jury to speculate about evidence never presented at trial." He asserts that the prosecutor's argument "essentially allowed the prosecutor to testify, unfairly supplying facts not in the record, and offering unsworn testimony not subject to cross-examination."

Respondent counters that any error has been waived by the failure of trial counsel to seek a curative admonition. Respondent does not explain how the court might have been persuaded to give a curative admonition since it found the objection meritless. ■ The inherent impossibility of obtaining a curative admonition in such a situation has led to the rule that the failure to request the admonition does not forfeit the error. (*People v. Hill* (1998) 17 Cal.4th 800, 820-821 [72 Cal.Rptr.2d 656, 952 P.2d 673].) Therefore, we turn to the merits of appellant's contention.

■ Respondent contends the prosecutor's argument was "proper during his rebuttal in response to defense counsel's closing argument." Respondent asserts that "the prosecutor was well within permissible bounds in telling the jury that in his opinion, Officer Tinsley's testimony would have been cumulative[.]" Alternatively, respondent contends that if the argument was improper, there is no reasonable probability that the misconduct prejudiced appellant since the jury was instructed that statements made by attorneys are not evidence. Respondent adds that the statement could not have affected the outcome of the case "given the strength of the evidence at trial," including appellant's offer to tell the officers who was selling cocaine and where, if they would "squash the rock."

To the extent the prosecutor argued the defense could have called Officer Tinsley as a witness, his argument was proper. But the prosecutor went too far when he told the jury the absent witness's testimony would have been repetitive. The effect of this argument was to tell the jury that the witness, if called, would have testified exactly as Officer Williams did, in a manner favorable to the prosecution. This was misconduct. (*People v. Hill, supra,* 17 Cal.4th 800, 829.) And it was error for the court to overrule the objection to the. improper argument on the ground that the prosecutor was "giving his opinion." This was not a situation in which the prosecutor was drawing inferences from testimony heard by the jury. The prosecutor, in the guise of closing argument, told the jury what the testimony of an uncalled witness would have been, thus implying that he decided not to call Officer Tinsley as a witness after determining that his testimony would have been the same as and corroborative of Officer Williams's testimony. This tactic denied appellant his Sixth Amendment rights to confront and cross-examine an uncalled prosecution witness. Therefore, reversal is required unless we are satisfied beyond a reasonable doubt that the misconduct did not affect the jury's verdict. (*People v. Harris* (1989) 47 Cal.3d 1047, 1083 [255 Cal.Rptr. 352, 767 P.2d 619]; *People v. Gaines* (1997) 54 Cal.App.4th 821, 825 [63 Cal.Rptr.2d 188].)

Respondent attempts to minimize the effect of the prosecutor's improper argument by arguing that "it is not reasonably likely that the remark would

or could have been misunderstood by a reasonable juror or construed or applied in an objectionable fashion." Respondent does not explain this assertion. We can conceive of no manner in which the prosecutor's representation could have been understood, construed or applied except for an objectionable purpose. This is especially true since the trial court overruled defense counsel's prompt objection to the remark. A statement of supposed fact not in evidence is a highly prejudicial form of misconduct. As such, it is a frequent basis for reversal. The California Supreme Court has explained, in *People v. Hill, supra,* 17 Cal.4th 800, that such testimony, " ' "although worthless as a matter of law, can be 'dynamite' to the jury because of the special regard the jury has for the prosecutor, thereby effectively circumventing the rules of evidence." [Citations.]' " (*Id.* at p. 828.)

We have reviewed the record carefully. But our review is confined to the cold pages of the transcript, denying us the opportunity to observe Officer Williams's demeanor while testifying. It is impossible to know whether the prosecutor's improper argument contributed to the jury's conclusion that the officer was credible. Whether judged under the *Chapman* harmless-beyond-a-reasonable-doubt standard (*Chapman v. California* (1967) 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065]) or the *Watson* reasonable-probability-of-a-more-favorable-result standard (*People v. Watson* (1956) 46 Cal.2d 818 [299 P.2d 243]), we cannot conclude the error was harmless. Therefore, we must reverse.

### DISPOSITION

For the foregoing reasons, the judgment is reversed and the matter remanded for retrial.

Vogel (C. S.), P. J., and Hastings, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 15, 2000.