Filed 1/15/14  P. v. Perez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OSCAR D. PEREZ PEREZ,<br><br>    Defendant and Appellant. | G047463<br><br>(Super. Ct. No. 11HF2313)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Erica A. Swenson and Laura A. Glennon, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Oscar D. Perez Perez (defendant) of 22 counts of lewd acts with a child under the age of 14 (Pen. Code, § 288, subd. (a)),[1] four counts of lewd acts with a child under the age of 16 (§ 288, subd. (c)(1)), and found true allegations defendant committed sex crimes with multiple victims under the One Strike law (§ 667.61, subds. (b), (c), (e)(5)). The trial court sentenced him to an indeterminate term of 330 years to life.

Defendant's sole challenge to the judgment is that the prosecutor committed prejudicial misconduct during closing argument. We find the contention meritless and affirm the judgment.

## FACTS

Defendant does not challenge the sufficiency of the evidence thus the facts may be briefly stated. From 2007 until his arrest in 2011, defendant, a priest at a Laguna Hills church, molested several young boys who volunteered to be "ministers" at various church services. The boys said defendant committed acts of sodomy, oral copulation, touching and rubbing penises, theirs and defendant's, and open-mouthed kissing. The acts of molestation usually occurred when the boys stayed overnight at defendant's home, although the boys also said they were uncomfortable when defendant would hug and kiss them on each cheek as a form of public greeting.

After his arrest, defendant initially denied any misconduct. However, he later admitted touching the penis of two of the victims, but claimed he did so for the sole purpose of advising their mothers about circumcision. He also admitted to kissing one of the victim's on the lips and that doing so had not been sensible.

Five boys testified at trial, and defense counsel thoroughly cross-examined each boy. Defendant called a girl who had also been a minister in the church to testify that one of the victims seemed angry and upset the night before defendant's arrest.

---

[1] All further statutory references are to the Penal Code.

2

Defendant also called an investigator to testify one of the boys had disputed the accuracy of a police report, and the victim's initial statements that defendant had not touched him in an inappropriate manner.

Defense counsel argued his client had engaged in "noncriminal conduct" that had been "transformed" into criminal conduct by hysteria and the undue influence of police investigators. Defendant either denied committing the acts, or denied having the requisite intent during the commission of those acts, and he challenged the sufficiency of the evidence to prove otherwise.

## DISCUSSION

During closing argument, the prosecutor focused on the circumstantial evidence of defendant's intent before discussing reasonable doubt and witness credibility. When the prosecutor discussed one particular victim, a boy who testified defendant performed the funeral service for his late father and admitted being angry with defendant, she said, "This is a 14 or 15-year-old whose dad is dead, the defendant did the service for his dad, and he's totally confused because this man is molesting him, and now we're to expect that he's supposed to not be around the defendant and protect other boys like he's some super figure in our movies? That's not real life. He's allowed to be mad at the defendant. [¶] You know, where is the part in this case where we've heard this is how a sexual assault victim is supposed to act, this is what they're supposed to do? That's why I talked about that in jury selection, 'Are you going [to] have preconceived notions of what someone is supposed to do?' *We heard a woman in jury selection say, 'I'm just disclosing right now, I was raped.' She said that. So we're supposed to put a definition on victims*?" (Italics added.) A defense objection on grounds the prosecutor made an "improper argument" was overruled.

On appeal, defendant contends the above-italicized portion of the prosecutor's argument constitutes improper vouching for the credibility of a witness and/or improper references to matters outside the record. We disagree.

3

"'Under California law, a prosecutor commits reversible misconduct if he or she makes use of "deceptive or reprehensible methods" when attempting to persuade either the trial court or the jury, and it is reasonably probable that without such misconduct, an outcome more favorable to the defendant would have resulted. [Citation.] Under the federal Constitution, conduct by a prosecutor that does not result in the denial of the defendant's specific constitutional rights . . . but is otherwise worthy of condemnation, is not a constitutional violation unless the challenged action "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" [Citation.]' [Citation.]" (*People v. Fuiava* (2012) 53 Cal.4th 622, 679.)

"If a prosecutorial misconduct claim is based on the prosecutor's arguments to the jury, we consider how the statement would, or could, have been understood by a reasonable juror in the context of the entire argument. [Citations.]" (*People v. Woods* (2006) 146 Cal.App.4th 106, 111.) "'"[A] prosecutor is given wide latitude during argument. The argument may be vigorous as long as it amounts to fair comment on the evidence, which can include reasonable inferences, or deductions to be drawn therefrom. [Citations.] It is also clear that counsel during summation may state matters not in evidence, but which are common knowledge or are illustrations drawn from common experience, history or literature." [Citation.]'" (*People v. Ward* (2005) 36 Cal.4th 186, 215 (*Ward*).)

While a prosecutor may not vouch for the credibility of witnesses or otherwise bolster the veracity of their testimony by referring to evidence outside the record, "'so long as a prosecutor's assurances regarding the apparent honesty or reliability of prosecution witnesses are based on the "facts of [the] record and the inferences reasonably drawn therefrom, rather than any purported personal knowledge or belief," [her] comments cannot be characterized as improper vouching. [Citations.]' [Citation.]" (*Ward, supra,* 36 Cal.4th at p. 215.)

4

Here, the prosecutor's argument regarding the credibility of sex crime victims who do not immediately report the crime did not amount to improper vouching. The prosecutor did not suggest her belief in the victims' credibility was based on any facts outside the record or her own personal knowledge. (Compare *People v. Turner* (2004) 34 Cal.4th 406, 433 [prosecutor referred to his prior experience with the witnesses].) In the context of her argument, it was clear the prosecutor was referring to the difficult task of assessing the credibility of sexual assault victims in general, not that one particular victim was any more or less credible because of delayed reporting. Thus, the prosecutor "properly relied on facts of record and the inferences reasonably drawn therefrom, rather than any purported personal knowledge or belief. [Citations.]" (*People v. Medina* (1995) 11 Cal.4th 694, 757.)

As indicated by the California Supreme Court, a prosecutor may state matters not in evidence that are common knowledge or are illustrations drawn from common experience. (*People v. Stanley* (2006) 39 Cal.4th 913, 951-952) In this case, the prosecutor relied on an example common to all members of defendant's jury to illustrate her point. Under the circumstances, the prosecutor's reference to what had occurred during voir direct does not amount to misconduct.

Defendant's reliance on *People v. Woods* (2006) 146 Cal.App.4th 106 (*Woods*) and *People v. Hall* (2000) 82 Cal.App.4th 813 (*Hall*), is misplaced. In *Woods*, the prosecutor committed numerous instances of misconduct in closing argument by implying that 12 unidentified, mostly non-testifying police officers, would testify to the same facts as the officers who did testify. (*Id.* at p. 115.) Thus, the prosecutorial misconduct involved in *Woods* was pervasive and involved affirmative representations by the prosecutor concerning the substance of testimony and facts outside the record, not merely an example designed to assist the jury make a judgment regarding witness credibility.

5

In *Hall, supra,* 82 Cal.App.4th 813, a police officer testified that he and his partner had arrested the defendant for being under the influence of cocaine, and then found cocaine in the defendant's pocket when they searched him. (*Id.* at p. 815.) Defense counsel challenged the testifying officer's credibility and pointed out that the officer's partner had not been called as a witness. (*Id.* at p. 816.) In rebuttal, the prosecutor argued the partner's testimony would have been "repetitive." (*Ibid.*) Thus, in *Hall,* as in *Woods*, the prosecutor in effect told the jury that "the witness, if called, would have testified exactly as Officer Williams did, in a manner favorable to the prosecution." (*Hall* at p. 817.) By contrast, the prosecutor here merely used something that occurred during voir dire as an admonition against the notion that all sexual abuse victims who wait to report the crime are inherently unreliable.

Moreover, the trial court instructed the jury nothing the attorneys say during opening and closing argument is evidence (CALCRIM No. 104), and we presume jurors are intelligent people capable of understanding the instructions and applying them to the facts of the case. (*People v. Carey* (2007) 41 Cal.4th 109, 130.)

Finally, even if we were to assume misconduct occurred, defendant cannot establish any prejudice. The People bear the burden of proving beyond a reasonable doubt that misconduct did not contribute to the verdict. (*Woods, supra,* 146 Cal.App.4th at p. 117.) As explained above, the evidence defendant committed the charged crimes was overwhelming. It is inconceivable the prosecutor's brief reference to statements made by a potential juror during voir dire had any effect on the verdict.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.